FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 26 2022
TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

AMANDA HICKS                                                                PLAINTIFF

VS.                    CASE NO. 3:22-CV-274-DPM

MAYOR MARCO MCCLENDON, IN HIS INDIVIDUAL,
AND OFFICIAL CAPACITY AS MAYOR FOR THE CITY
OF WEST MEMPHIS                                                             DEFENDANTS

## COMPLAINT

Comes the Plaintiff, **AMANDA HICKS**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

### PARTIES & JURISIDCTION

1. Plaintiff is a resident and citizen of State of Mississippi who brings this action against the Mayor of West Memphis, Arkansas, in his individual and Official Capacity. This action is brought for violation of Plaintiff's State and Federal Constitutional Rights. Accordingly, since this matter is brought to redress deprivations for Plaintiff's Federal Rights granted her under the United States Constitution and Federal Law, as allowed by 42 USC 1983, this Court has subject matter jurisdiction under 28 USC 1331, as well as supplemental and diversity jurisdiction over Plaintiff's State Law claims under 28 USC 1367 and 28 USC 1334, respectively.

2. Since the acts giving rise to this action arose in this Court's district, venue is appropriate under 28 USC 1391(b). All actions taken hereunder were done so under the color of law.

### GENERAL ALLEGATIONS OF FACT

3. Plaintiff was hired by the City of Went Memphis as a Civil Engineer.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

4.      As a part of her duties as City Engineer/MPO Director, Plaintiff was responsible for hiring people to work within her department. Clearly established State and Federal Law prohibit using race as the sole determinative factor in any employment decision.

5.      Plaintiff is Caucasian, and the Mayor is African American.

6.      The policy of the City of West Memphis is to hire the best qualified people, regardless of race.

7.      So, Plaintiff hired the most qualified people.

8.      However, the Defendant, Mayor McClendon, instructed Plaintiff to hire black people. Plaintiff refused to discriminate against white otherwise it could be construed that she too was doing the same thing.

9.      After Plaintiff refused, the work environment became hostile.

10.     Eventually, Plaintiff refused to misappropriate Congestion Mitigation Air Quality (CMAQ) public money, so the Mayor threatened to fire her unless she agreed to violate said laws.

11.     The Congestion Mitigation and Air Quality Improvement (CMAQ) Program provides funds to States for transportation projects designed to reduce traffic congestion and improve air quality, particularly in areas of the country that do not attain national air quality standards.

12.     The Mayor instructed Plaintiff to hold federal funding to ensure the City of West Memphis could have a micro-transit service with the Memphis Area Transit Authority (MATA) in violation of federal law.

13.     So, this was either an actual discharge since the resignation was coerced or, Plaintiff was constructively discharged on 9/14/2022, since no reasonable period would have taken an illegal action in order to keep one's job.

14. Indeed, it is the Public Policy for the State of Arkansas for the State of Arkansas that public employees to be encouraged to report violations of State Law. Accordingly, Defendants terminated Plaintiff in violation of the Arkansas Whistleblower Protection Act and in violation of the well-established Public Policy for the State of Arkansas.

## COUNT I

15. Plaintiff realleges the foregoing as if more fully set out herein.

16. By virtue of the facts alleged herein, Defendants have discharged Plaintiff in violation of the well-established Public Policy for the State of Arkansas, Arkansas Whistleblower Protection Act, the Arkansas Constitution, and the 1st Amendment.

17. By virtue of the facts pled herein, Plaintiff refused to violate the Law and communicated this refusal to an appropriate official, in good faith.

18. Rather than address the issue, the Mayor, acting under Color of Law, terminated the Plaintiff in violation of the Arkansas Whistleblower Protection Act, the ACRA, and well-established Public Policy for the State of Arkansas.

19. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits and earning capacity, incurred damages in an amount to be proven at trial.

20. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II

21. Plaintiff realleges the foregoing as if more fully set out herein.

22. At all times relevant, this City of West Memphis, employed more than 300 employees in an activity, impacting interstate commerce. Plaintiff had a clearly established right, under 42 USC 1981, the ACRA, as amended, the First Amendment, the Arkansas Constitution, and Equal Protection clause to oppose illegal discrimination.

23. The prohibition applies to and is set out to protect discrimination based on race, which includes the white race. So, Plaintiff, in good faith, believed that she could not hire someone simply because they were *black*. So, Plaintiff believed that the law and City policy required Plaintiff to hire the most qualified person regardless of that person's race. This is what Plaintiff did. But, the Mayor was not happy.

24. Indeed, shortly after Plaintiff refused to violate the law and misappropriate public money, the Mayor began subjecting her to a hostile work environment. Mayor McLendon subjected the Plaintiff to mental and emotional abuse, on an almost daily basis, but certainly on a weekly basis.

25. However, the Mayor is a policy maker, so Plaintiff had no recourse.

26. As a direct and proximate cause of the Mayor's acts and omissions as alleged herein, Plaintiff has suffered several mental and emotional distress, lost earning capacity, lost fringe benefits, and incurred other damages in an amount to be determined at trial.

27. Defendant, Mayor McClendon's actions have been so egregious so as to warrant the imposition of punitive damages in his individual capacity.

## COUNT III

28. Plaintiff realleges the foregoing as if more fully set out herein.

29. Plaintiff had a clearly established right, under the First Amendment, to oppose race discrimination and refuse to violate State and Federal Law.

30. Defendant, Mayor McClendon, is a policy maker for the City of West Memphis, whose decision to terminate the Plaintiff, all the while subjecting the Plaintiff to a hostile work environment that amounts to a policy or custom of illegal conduct.

31. By virtue of the facts alleged herein, Defendant deprived Plaintiff of her First Amendment rights to oppose race discrimination and to oppose violating State and Federal Law.

32. Race discrimination, by any public official, is a matter of public concern, as is a direction from a City's policy-maker to misappropriate public money. Thus, Plaintiff's complaints were not merely private; but, were over a matter of public concern.

33. Indeed, Plaintiff had a clearly established right to petition the City for redress of grievances. However, the Mayor, yelled at the Plaintiff, threatening her, eventually terminating Plaintiff. These are actions are such that would chill an ordinary person's exercise of their Constitutional rights.

34. As a direct and proximate cause of the Mayor's acts and omissions as alleged herein, Plaintiff has suffered several mental and emotional distress, lost earning capacity, lost fringe benefits, and incurred other damages in an amount to be determined at trial.

35. Defendant, Mayor McClendon, actions have been so egregious so as to warrant the imposition of punitive damages in his individual capacity.

## COUNT IV

36. Plaintiff realleges the foregoing as if more fully set out herein.

37. Plaintiff is a female.

38. The City Engineer is now Phillip Sorrell, who had retired from the city as the Economic Development Director, but now rehired as the City Engineer.

39. Mr. Sorrell was the City Engineer before Plaintiff became City Engineer and he made more money than Plaintiff, as City Engineer prior to the Plaintiff assuming the position, and probably still does. Plaintiff's salary was $85,000.00 to be City Engineer/MPO Director. Defendants have since also hired a new MPO Director, when Plaintiff' roles were combined by city ordinance.

40. Defendant's actions have violated state and federal Equal Pay Act and the ACRA because there is gender discrimination.

41. As a direct and proximate cause of the Mayor's acts and omissions as alleged herein, Plaintiff has suffered several mental and emotional distress, lost earning capacity, lost fringe benefits, and incurred other damages in an amount to be determined at trial.

42. Defendant, Mayor McClendon, actions have been so egregious so as to warrant the imposition of punitive or liquidated damages in his individual capacity.

### JURY DEMAND

43. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff, **AMANDA HICKS**, prays for appropriate compensatory, liquidated, and punitive damages, exceeding $1,000,000.00; reinstatement of front pay; for reasonable attorneys' fees; for costs; and, for all other proper relief.

                        Respectfully submitted,

                        Luther Sutter, Esq., ARBN 95031
                        Lucien R. Gillham, Esq., ARBN 99199
                        Attorneys for Plaintiff
                        **SUTTER & GILLHAM P.L.L.C.**
                        310 W. Conway Street
                        Benton, Arkansas 72015
                        (501) 315-1910 – Office
                        (501) 315-1916 – Facsimile
                        Luther.sutterlaw@gmail.com
                        Lucien.gillham@gmail.com

By: _____
                        Luther Sutter, Esq., ARBN 95031