### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**AMANDA HICKS**                                                                                         **PLAINTIFF**

**v**                                            **CASE NO. 3:22-cv-274-DPM**

**MARCO MCCLENDON, IN HIS INDIVIDUAL AND**
**OFFICIAL CAPACITY AS MAYOR FOR THE CITY**
**OF WEST MEMPHIS**                                                                                   **DEFENDANTS**

## ANSWER

COMES NOW, defendants Marco McClendon, in his individual and official capacities, by and through their attorney, Amanda LaFever, and for their Answer state as follows:

1. Paragraph one (1) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, Defendants deny same due to their full and complete denial of any and all wrongdoing alleged.

2. Paragraph two (2) of Plaintiff's Complaint regards venue, and as such, no response is required; however, should a response be deemed necessary, Defendants deny same due to their full and complete denial of any and all wrongdoing alleged.

3. Defendants admit that Plaintiff Amanda Hicks was hired by the City of West Memphis as an Engineer I.

4. Defendants admit that as part of her duties as MPO Director, Plaintiff was responsible for hiring people to work within that department. The second sentence of paragraph four (4) of Plaintiff's Complaint contains conclusions of law; therefore, it does not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing. Defendants deny any remaining allegations contained in paragraph four (4).

5. Defendants admit that Plaintiff is Caucasian, and Mayor McClendon is African American.

6. Defendants admit that the policy of the City of West Memphis is to hire the best qualified people, regardless of race.

7. Upon information and belief, Defendants admit that Plaintiff hired qualified people.

8. The allegations contained in paragraph eight (8) are denied.

9. The allegations contained in paragraph nine (9) are denied.

10. The allegations contained in paragraph ten (10) are denied.

11. The allegations contained in paragraph eleven (11) are admitted.

12. The allegations contained in paragraph twelve (12) are denied.

13. The allegations contained in paragraph thirteen (13) are denied.

14. Sentence one of paragraph fourteen (14) of Plaintiff's Complaint contains conclusions of law; therefore, it does not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing. The second sentence of paragraph fourteen (14) is denied.

15. Paragraph number fifteen (15) of Plaintiff's Complaint incorporates paragraph numbers one through fourteen (1-14) of the Complaint. Defendants incorporate their responses to those paragraphs as if set forth word for word.

16. The allegations contained in paragraph sixteen (16) are denied.

17. The allegations contained in paragraph seventeen (17) are denied.

18. The allegations contained in paragraph eighteen (18) are denied.

19. The allegations contained in paragraph nineteen (19) are denied.

20. The allegations contained in paragraph twenty (20) are denied.

21.     Paragraph number twenty-one (21) of Plaintiff's Complaint incorporates paragraph numbers one through twenty (1-20) of the Complaint. Defendants incorporate their responses to those paragraphs as if set forth word for word.

22.     Defendants admit that the City employs more than 300 people. The remaining allegations contained in paragraph twenty-two (22) contain conclusions of law; therefore, they do not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing.

23.     The first sentence of paragraph twenty-three (23) of Plaintiff's Complaint contains conclusions of law; therefore, it does not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing. Regarding the second sentence, Defendants are unable to speak to what Plaintiff believed; therefore, the allegations are denied. Regarding the third sentence, Defendants admit that the City policy required that the most qualified applicant for a position be the person hired, regardless of the applicant's race. All remaining allegations contained in paragraph twenty-three (23) are denied.

24.     The allegations contained in paragraph twenty-four (24) are denied.

25.     The allegations contained in paragraph twenty-five (25) are denied.

26.     The allegations contained in paragraph twenty-six (26) are denied.

27.     The allegations contained in paragraph twenty-seven (27) are denied.

28.     Paragraph number twenty-eight (28) of Plaintiff's Complaint incorporates paragraph numbers one through twenty-seven (1-27) of the Complaint. Defendants incorporate their responses to those paragraphs as if set forth word for word.

29. Paragraph twenty-nine (29) of Plaintiff's Complaint contains conclusions of law; therefore, it does not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing.

30. The allegations contained in paragraph thirty (30) are denied.

31. The allegations contained in paragraph thirty-one (31) are denied.

32. Paragraph thirty-two (32) of Plaintiff's Complaint contains conclusions of law; therefore, it does not require a response. However, to the extent that a response is deemed necessary, Defendants deny any and all allegations of wrongdoing.

33. The allegations contained in paragraph thirty-three (33) are denied.

34. The allegations contained in paragraph thirty-four (34) are denied.

35. The allegations contained in paragraph thirty-five (35) are denied.

36. Paragraph number thirty-six (36) of Plaintiff's Complaint incorporates paragraph numbers one through thirty-five (1-35) of the Complaint. Defendants incorporate their responses to those paragraphs as if set forth word for word.

37. Defendants admit that Plaintiff is female.

38. Defendants admit that Phillip Sorrell retired from his employment with the City and held the position of Economic Development Director at the time of his retirement. Defendants admit that Mr. Sorrell is currently engaged as an independent contractor to provide engineering services to the City.

39. Defendants admit that Mr. Sorrell was the City Engineer prior to Plaintiff. City Defendants admit that Plaintiff's salary was $85,000.00 to be City Engineer / MPO Director. Defendants deny the remaining allegations contained within paragraph thirty-nine (39) of Plaintiff's Complaint.

40. The allegations contained in paragraph forty (40) are denied.

41. The allegations contained in paragraph forty-one (41) are denied.

42. The allegations contained in paragraph forty-two (42) are denied.

43. Defendants recognize that Plaintiff has requested a trial by jury.

44. Defendants deny that Plaintiff is entitled to any of the relief prayed for in the paragraph beginning "Wherefore. "

45. Defendants deny any and all allegations that may remain that have not been specifically admitted or addressed herein.

46. Defendants reserve the right to file an Amended Answer.

## AFFIRMATIVE DEFENSES

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2. Plaintiff's rights were not violated.

3. With respect to Plaintiff, the City acted reasonably, not maliciously, and in good faith.

4. Any adverse action taken against Plaintiff was due to employee misconduct and/or poor job performance as set forth and contemplated by Ark. Code Ann. § 21-1-604(e).

5. Defendants are entitled to tort, qualified, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to Ark. Code Ann. § 21-9-301.

6. To the extent applicable, Defendants assert the defenses of privilege and justification.

7.      To the extent applicable, Defendants assert the affirmative defenses of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel, consent, *Heck v. Humphrey* and *Rooker-Feldman* and any and all defenses found in Federal Rules of Civil Procedure 8(c) and 12(b) as well as Arkansas Rules of Civil Procedure 8(c) and 12(b).

8.      To the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

9.      Plaintiff has plead a factually insufficient case to warrant the imposition of punitive damages.

10.     Plaintiff has failed to mitigate her damages.

11.     Plaintiff failed to follow and/or exhaust her administrative remedies.

12.     Punitive damages are not recoverable against a municipality as a matter of law.

13.     Defendants reserve the right to amend or supplement its affirmative defenses as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendants request that this Court dismiss the Complaint against them and for all other just and proper relief to which there is entitlement.

                    Respectfully submitted,

                    **MARCO MCCLENDON, in his individual and official capacities**

                    **SEPARATE DEFENDANTS**

By:   Amanda LaFever Ark. Bar No. 2012133
        Attorney for Defendants
        P.O. Box 38
        North Little Rock, AR 72115
        Telephone: (501) 978-6117
        Facsimile: (501) 978-6554
        Email: alafever@arml.org